35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry ORTIZ; Elizabeth Ortiz; Paul Ortiz, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois
corporation, Defendant-Appellee.
 No. 92-16241.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1994.
Decided Sept. 6, 1994.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elizabeth, Paul, and Jerry Ortiz (collectively "Ortiz") appeal the district court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") in their action alleging that State Farm was liable for breach of contract and acted in bad faith in denying liability coverage for claims arising out of an automobile accident injuring several members of the Ortiz family.
 
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1332. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we reverse and remand.
 
 I.
 
 4
 On September 15, 1984, Elizabeth Ortiz and three other passengers were injured in an automobile accident in Arizona when Elizabeth's 1983 Oldsmobile collided with a Greyhound bus. Jerry Ortiz, Elizabeth's son, was driving the Oldsmobile at the time of the accident. The Oldsmobile was insured by State Farm under a policy which designated Elizabeth and her husband, Paul Ortiz, as the named insureds ("Elizabeth's Oldsmobile policy"). Jerry was living at home with his parents at the time of the accident and owned a 1976 Buick which was separately insured by State Farm under his own name ("Jerry's policy").[1]
 
 
 5
 Elizabeth was unable to recover for her injuries under her own policy, which specifically did not provide coverage "FOR ANY BODILY INJURY TO: ... YOU." As a result, Elizabeth made demand upon State Farm for payment under Jerry's policy. On December 10, 1984, Elizabeth's attorney wrote to State Farm and made demand for payment of medical bills in excess of $92,332. After another follow-up letter from her attorney and after several internal delays, State Farm responded to the demand on or about October 11, 1985. State Farm denied coverage, arguing that coverage under Jerry's Policy did not extend to Elizabeth, a family member residing in the same household.
 
 
 6
 Elizabeth and Paul filed suit against Jerry in Superior court and received a monetary judgment for personal injuries allegedly sustained in the accident. Jerry subsequently assigned to his parents the right to proceed against State Farm in a bad faith and insurance coverage action before the district court, which granted summary judgment to State Farm and denied Ortiz' motion for partial summary judgment. The district court also denied Ortiz' motion to reconsider the judgment. This timely appeal followed.
 
 II.
 Elizabeth's Oldsmobile Policy
 
 7
 Ortiz contends that the district court erred in granting summary judgment to State Farm on the issue of liability coverage under Elizabeth's Oldsmobile policy.[2] The district court concluded that there was no liability coverage for Elizabeth's claim under her Oldsmobile policy because of the named insured exclusion.[3] The district court relied exclusively on State Farm Mutual Auto Ins. Co. v. Gibbs, 678 P.2d 459, 463 (Ariz.App.1983), in which the Arizona Court of Appeals upheld the identical named insured exclusion at issue in the present case. Ortiz argues that the district court's reliance on Gibbs was misplaced.
 
 
 8
 We agree. In response to a question certified by a Ninth Circuit panel, see No. 91-15626, the Supreme Court of Arizona recently stated that a named insured exclusion identical to that at issue in the present case was neither invalid on its face nor automatically enforceable. See State Farm Mut. Auto. Ins. Co. v. Falness, 872 P.2d 1233 (Ariz.1994). The Court stated that there should be a two-stage inquiry into the insured's reasonable expectations. This inquiry involves an analysis of the "format and clarity of the policy, as well as the circumstances surrounding its acquisition and issuance." Id. at 1234. In view of Falness, the district court erred in relying on Gibbs rather than examining the reasonable expectations of Elizabeth and Paul as to whether Jerry's liability was covered under their Oldsmobile policy. See Falness, 872 P.2d at 1234; see also State Farm Mut. Auto Ins. Co. v. Dimmer, 773 P.2d 1012, 1020 (Ariz.App.1988) (applying the reasonable expectations test and finding a household exclusion contained in a State Farm Policy unenforceable); Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 682 P.2d 388, 393 n. 6 (Ariz.1984) (sharply criticizing, in dicta, the Gibbs decision). The record in this case is not sufficiently developed to enable us to determine the reasonable expectations of the insureds. Therefore, we remand to the district court to conduct its own reasonable expectations analysis.
 
 III.
 Jerry's Policy
 
 9
 The district court concluded that Jerry's policy did not provide coverage for this accident at all because Jerry was not driving the vehicle described in the policy and the Oldsmobile did not qualify for coverage under the "non-owned" car provisions. While not challenging the merits of the district court's determination that the policy did not cover the accident, Ortiz argues that State Farm is estopped from denying coverage under Jerry's policy because it defended Jerry without a reservation of rights.
 
 
 10
 "An insurer with a coverage defense must defend its insured under a properly communicated reservation of rights or it will lose its right to later litigate coverage." United Services Auto. Ass'n v. Morris, 741 P.2d 246, 249 (Ariz.1987). An insurer's reservation must be both sufficient in content and timely made. See Manzanita Park Inc., v. Ins. Co. of North America, 857 F.2d 549, 557 (9th Cir.1988). We find that State Farm has failed to adequately communicate its reservation of rights as to Jerry's policy.
 
 
 11
 State Farm argues that it properly communicated its reservation of rights in two letters sent to Jerry. The first of these letters, written on October 7, 1987, notified Jerry that State Farm had retained a new attorney to represent him but that State Farm expressly reserved the right to deny him liability coverage for the accident. The letter also stated that any judgment against Jerry would result in his personal liability and informed him of the option to employ a personal attorney. A second letter to Jerry, dated February 18, 1988, advised that his liability limits were exhausted and thus any judgment resulting from the suit would be his responsibility.
 
 
 12
 Neither of these letters specifically stated that State Farm was reserving the right to contest coverage under Jerry's policy because the Oldsmobile did not meet the definition of a "non-owned" car. In fact, the letters refer only to Elizabeth's policy and fail to mention Jerry's policy at all. See C.R. 43, Ex. 1, p. 182. Moreover, while State Farm claims that the October 7 letter was sent "immediately" after receiving the amended complaint, it appears from the record that State Farm was aware of the amended complaint at least by January, 1987. State Farm has not provided a reason for the delay in sending out the reservation of rights letter. We conclude that State Farm defended Jerry without a timely and adequate reservation of rights and thus is precluded from denying coverage under Jerry's policy.[4]
 
 CONCLUSION
 
 13
 We REVERSE the district court's grant of summary judgment to State Farm on Elizabeth's policy and REMAND for further proceedings consistent with this disposition. We also REVERSE the district court's determination that no coverage exists under Jerry's policy. Finally, we REMAND to the district court for the purpose of setting an appropriate attorney's fee pursuant to A.R.S. Sec. 12-341.01.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Ortiz family had two additional State Farm policies, one issued to Jerry's brother, insuring a 1983 Nissan, and the other issued to Paul, insuring a 1977 Chevrolet
 
 
 [2]
 As a threshold matter, State Farm argues that Ortiz forfeited the right to seek liability coverage under Jerry's policy and the Oldsmobile policy by requesting and receiving uninsured motorist ("UM") coverage under these policies in a prior proceeding. See Ortiz v. State Farm Mut. Auto. Ins. Co., No. 91-15259 (unpublished memorandum disposition) (affirming the district court's conclusion that Paul and Elizabeth were entitled to "stack" the UM policy limits under each of the four State Farm policies issued to members of the Ortiz household). The question of coverage was not litigated in the prior action nor was there an election of remedies. We conclude Ortiz is not precluded from seeking liability coverage in this action. However, State Farm does get credit for the amounts previously paid under the UM policy limits for Jerry's policy and the Oldsmobile policy. State Farm thus has the right of setoff against the judgment received in this case
 
 
 [3]
 The named insured exclusion at issue, section 2(c), states:
 THERE IS NO COVERAGE:
 ....
 
 
 [2]
 FOR ANY BODILY INJURY TO:
 ....
 c. YOU.
 d. ANY
 
 
 [1]
 INSURED, OTHER THAN YOU, OR
 
 
 [2]
 FAMILY MEMBER OF AN INSURED RESIDING IN THE SAME HOUSEHOLD AS THE INSURED
 
 
 [4]
 This conclusion obviates the need to reach Ortiz' argument that State Farm waived its coverage defense by initially acknowledging coverage under Jerry's policy